## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF TEXAS

## SHERMAN DIVISION

| | | |
|---|---|---|
| ADI WORLDLINK, LLC, | § § § | |
| Plaintiff, | § | |
| v. | § § | Civil Action No. _____ |
| RSUI INDEMNITY COMPANY, | § § | |
| Defendant. | § § | |

## COMPLAINT WITH JURY DEMAND

## INTRODUCTION

1.      This is an insurance coverage action by Plaintiff Adi WorldLink, LLC ("WorldLink") against Defendant Insurance Company RSUI Indemnity Company ("RSUI") to obtain bargained-for coverage under RSUI's insurance policies.

## JURISDICTION AND VENUE

2.      Plaintiff WorldLink is a locally-based technology firm that employs approximately 120 people in Collin County, Texas.  WorldLink is a limited liability company that is organized in the State of Delaware and has its principal place of business in Frisco, Collin County, Texas.  The members of WorldLink are not citizens of New Hampshire or Georgia.

3.      Defendant RSUI is a corporation that is incorporated in the State of New Hampshire and has its principal place of business in Atlanta, Georgia.  RSUI is registered to do, and in fact does, business in the State of Texas.  RSUI sold at least two insurance policies to WorldLink in Frisco, Collin County, Texas.

4.      This Court has jurisdiction under 28 U.S.C. § 1332(a), because there is complete diversity between WorldLink and RSUI, and the amount in controversy exceeds $75,000,

exclusive of interest and costs.

5.      The Eastern District of Texas is the appropriate venue for this lawsuit under 28 U.S.C. § 1391(b)(2).   Venue is proper in this district because WorldLink submitted its application for insurance in Frisco, Collin County, Texas, a county within the Eastern District of Texas under 28 U.S.C. § 124(c).  Venue is also proper in this district because the RSUI policies were delivered to WorldLink in Frisco, Collin County, Texas.   Venue is also proper in this district because the proceeds of the insurance policies breached by Defendant RSUI are payable to WorldLink in Frisco, Collin County, Texas.

## FACTS

### The Underlying Actions

6.      On July 31, 2014, Derek Lamb and Doan Nguyen filed a Complaint with the American Arbitration Association against WorldLink, WorldLink's president, Adil Adi, and another party (the "*Lamb* Claim").  The *Lamb* Claim alleged various employment-related claims involving WorldLink's IMP engineers.  WorldLink provided its broker with notice of the *Lamb* Claim on August 11, 2014.  RSUI was provided with notice of the *Lamb* Claim on September 16, 2015.

7.      Since the time the *Lamb* Claim was brought in mid-2014, other IMP engineers have brought 26 additional employment claims against WorldLink, Adil Adi, and his wife, Zenobia Adi, as well as another party (the "Underlying Claims").  These claims were each first made during the 2014-2015 Policy.  There is no dispute that RSUI received timely notice of each of these Underlying Claims under the 2014-2015 Policy.

8.      The Underlying Claims contain allegations under the Fair Labor Standards Act ("FLSA").  The Underlying Claims also contain non-wage and hour allegations.

**The Policies**

9.      WorldLink purchased RSUI Directors and Officers Liability Policy No. NHP655407, effective from December 31, 2013 to December 31, 2014 (the "2013-2014 Policy"), and Renewal Policy No. NHP660866, effective from December 31, 2014 to January 14, 2016 (the "2014-2015 Policy").  The RSUI Policies each provide $5,000,000 in coverage.

10.     Insuring Agreement A, which provides coverage where "a Claim for a Wrongful Act is first made against any Insured Person during the Policy Period," but where the "Insured Organization is [not] required or permitted to indemnify such Insured Persons," is subject to no retention.  Insuring Agreement B, which provides coverage where "a Claim for a Wrongful Act is first made against any Insured Person during the Policy Period," but where the "Insured Organization is required or permitted to indemnify the Insured Person," is subject to a $500,000 retention.  Insuring Agreement C, which provides coverage where "a Claim for a Wrongful Act is first made against the Insured Organization during the Policy Period," is subject to a $500,000 retention.

11.     The Policies define "Claim" to include both "a written demand for monetary or non-monetary relief" and "a civil . . . or arbitration proceeding for monetary or non-monetary relief which is commenced by . . . receipt or service of a complaint or similar pleading."

12.     The Policies define "Wrongful Act" as "any actual or alleged act, error, omission, misstatement, misleading statement, neglect or breach of duty or any actual or alleged Employment Practices Wrongful Act," which in turn is defined to include "employment-related misrepresentation to an Employee" and "wrongful deprivation of career opportunity."

13.     The Policies provide that RSUI will pay all "Loss" stemming from such a Claim, and define "Loss" to include "damages (including back pay and front pay), settlements,

judgments . . . and Defense Expenses," as well as "punitive or exemplary damages and the multiplied portion of any multiplied damage award."

14.     The Policies also provide that RSUI has both "the right and duty . . . to defend any Claim against the Insured."

15.     Condition B.3 provides that "all Claims based on, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving the same or related facts, circumstances, situations, transactions or events, shall be deemed to be a single Claim for all purposes under this policy, shall be subject to the Retention stated in Item 4 of the Declarations Page, and shall be deemed first made when the earliest of such Claims is first made, regardless of whether such date is before or during the Policy Period."

16.     The Endorsement titled "Exclusion – Prior and/or Pending Litigation Backdated" states that the "Insurer shall not be liable to make any payment for Loss in connection with any Claim made against any Insured . . . alleging, arising out of, based upon or attributable to, in whole or in part, any litigation involving any Insured that was commenced or initiated prior to, or pending as of December 31, 2012, or arising out of or based upon, in whole or in part, any facts or circumstances underlying or alleged in any such prior or pending litigation."

17.     The Endorsement titled "Sublimit-Defense Expenses – Wage and Hour Claims" (the "Wage and Hour Claims Endorsement") states that "this Policy shall allow up to $100,000 solely for Defense Expenses in connection with Claims made against any Insured for violation of the Fair Labor Standards Act or any similar state or local law or regulation specifically governing the payment of wages or hours worked."  The Endorsement's sublimit does not apply to any other claims.

18.     The Policies contain multiple references to the applicability of Texas law, and

specifically reference the "Texas Insurance Code" and the "Texas Department of Insurance."

**RSUI's Claims Handling**

19.     In correspondence dated October 5, 2015, RSUI denied coverage for the *Lamb* Claim, asserting that WorldLink did not timely report the *Lamb* Claim during the 2013-2014 Policy.  RSUI did not assert that it was in any way prejudiced by the timing of the notice of the *Lamb* Claim.

20.     In correspondence dated October 5, 2015, November 18, 2015, December 7, 2015, February 9, 2016, and March 4, 2016, RSUI denied coverage for the other Underlying Claims.   RSUI did not assert that WorldLink failed to give notice to RSUI of the Underlying Claims within the 2014-2015 Policy year in which those claims were first made.  Instead, RSUI claimed that because it denied coverage for the *Lamb* Claim on the basis of late notice, and because all 26 of the Underlying Claims were purportedly related to the *Lamb* Claim, RSUI was also entitled to deny coverage for all remaining 26 Underlying Claims, despite the fact that RSUI was timely notified of the Underlying Claims.  Again, RSUI did not assert that it was in any way prejudiced by the timing of the notice of the Underlying Claims.

21.     RSUI further asserted in correspondence dated February 9, 2016, and March 4, 2016, that even if there were coverage for the Underlying Claims, each claim would constitute a "separate independent" Claim each subject to a $500,000 retention and a $100,000 sublimit of coverage under the Wage and Hour Claims Endorsement.  RSUI's position that each of the Underlying Claims, if covered, would constitute a "separate independent" claim is inconsistent with its denial of coverage for the Underlying Claims on the basis that they, together with the *Lamb* Claim, constitute a single untimely claim under the 2013-2014 Policy.  Moreover, RSUI's blanket assertion that the Wage and Hour Claims Endorsement would apply ignored the many

non-wage and hour allegations asserted in the Underlying Claims.

22.     On August 5, 2016, WorldLink sent a letter to RSUI requesting that RSUI reconsider its coverage denial.  Before offering a response to WorldLink's letter, on August 19, 2016, RSUI filed a preemptive declaratory judgment action in the Eastern District of Michigan captioned *RSUI Indemnity Company v. Adi WorldLink, LLC, Zenobia Adi, and Adil Adi, et al.*, Case No. 16-cv-13019 (the "Michigan Declaratory Judgment Action").  Neither WorldLink nor RSUI is based in Michigan.  In an effort to obtain venue in Michigan, RSUI asserted that only 3 plaintiffs in the Underlying Claims who reside in Michigan (out of at least 47 plaintiffs overall) are "indispensable defendants."  RSUI did not name any of the other underlying plaintiffs residing in other states as "indispensable defendants."  To date, RSUI has made no attempt to serve the Michigan Declaratory Judgment Action, which appears to have been aimed solely at obtaining a forum outside of Texas in the event WorldLink decided to challenge RSUI's coverage denial.

23.     On August 22, 2016, RSUI sent a letter to WorldLink continuing to deny coverage on improper grounds.  Specifically, RSUI unreasonably ignored published, on-point Texas case law supporting coverage for the Underlying Claims cited in WorldLink's August 5, 2016, letter, in favor of unpublished Florida case law that is not on point.  Moreover, RSUI completely ignored WorldLink's citation to case law showing that the Wage and Hour Claims Endorsement did not apply to the many non-wage and hour allegations asserted in the Underlying Claims.

24.     RSUI's August 22, 2016, letter also attached a copy of RSUI's preemptive Michigan Declaratory Judgment Action.  The letter stated that RSUI would enclose a request for waiver of service in subsequent correspondence.  To date, RSUI has not provided WorldLink with any such waiver.  Moreover, RSUI's letter made clear that its Michigan Declaratory

Judgment Action was preemptive in nature, as the letter noted in closing that RSUI's investigation is not yet complete and even contained the following invitation: "[i]f you have any further information relevant to this coverage determination, please forward such information to the undersigned immediately and [RSUI] will consider it."

## CAUSES OF ACTION

### COUNT I – BREACH OF CONTRACT

25.     Plaintiff WorldLink re-alleges, and incorporates paragraphs 6 through 21 of this Complaint as though fully set forth herein.

26.     RSUI sold WorldLink the 2013-2014 and 2014-2015 Policies.

27.     WorldLink complied with and satisfied all relevant conditions, precedent or otherwise, and warranties, if any, in connection with the 2013-2014 and 2014-2015 Policies.

28.     RSUI materially breached the 2013-2014 and 2014-2015 Policies by (a) denying coverage for the *Lamb* Claim and the other Underlying Claims, and (b) asserting that even if there was coverage for the *Lamb* Claim and other Underlying Claims, each claim would be subject to separate $500,000 retentions and a $100,000 sublimit.

29.     As a direct and proximate result of the breaches by RSUI, WorldLink has sustained actual and consequential damages, for which it now sues.

### COUNT II – DECLARATORY JUDGMENT

30.     Plaintiff WorldLink re-alleges, and incorporates paragraphs 6 through 21 of this Complaint as though fully set forth herein.

31.     This action is brought in part pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and Federal Rule of Civil Procedure 57.

32.     An actual controversy of a judicial nature exists between WorldLink and RSUI

involving the rights and obligations under the 2013-2014 and 2014-2015 Policies.

33.     WorldLink is entitled to a declaration that (a) WorldLink complied with and satisfied all relevant conditions, precedent or otherwise, and warranties, if any, in connection with the 2013-2014 and 2014-2015 Policies; (b) WorldLink is entitled to coverage for the *Lamb* Claim and the other Underlying Claims under the 2013-2014 and 2014-2015 Policies, (c) only one $500,000 retention applies to all of the Underlying Claims, collectively, and (d) the $100,000 sublimit in the Wage and Hour Claims Endorsement does not apply to the *Lamb* Claim or any other of the Underlying Claims.

## JURY DEMAND

34.     WorldLink demands a jury and has tendered the appropriate fee with the filing of this Complaint.

## PRAYER

WHEREFORE, WorldLink requests that the Court:

1.      Enter a judgment in favor of WorldLink;

2.      Award WorldLink compensatory and consequential damages;

3.      Enter a declaratory judgment as requested in favor of WorldLink;

4.      Award WorldLink pre-judgment and post-judgment interest as may be allowed by
        law, and

/ / /

5.      Grant additional relief which is equitable and just.


Date:  August 29, 2016

                          Respectfully Submitted,


                          By:   /s/ Paul J. Zoeller

                          Paul J. Zoeller (Texas Bar No. 24008886)
                          KASOWITZ BENSON TORRES
                          & FRIEDMAN LLP
                          700 Louisiana Street, Suite 2200
                          Houston, Texas 77002
                          Tel: (713) 220-8800
                          Fax: (713) 222-0843
                          E-mail:        pzoeller@kasowitz.com